Anthony M. WILGER and Martha D. Wilger, Plaintiffs-Appellants,

v.

DEPARTMENT OF PENSIONS AND SECURITY FOR the STATE OF ALABAMA, Defendant-Appellee.

No. 78–1478.

United States Court of Appeals, Fifth Circuit.

April 13, 1979.

Anthony M. Wilger, pro se.

Martha D. Wilger, pro se.

Jane de Lissovoy, John P. McClusky, Montgomery, Ala., for Legal Services Corp. of Alabama.

William J. Baxley, Atty. Gen., Jamie L. Pettigrew, Mary Lee Stapp, Clyde P. McLendon, Asst. Attys. Gen., Montgomery, Ala., for defendant-appellee.

Before TUTTLE, TJOFLAT and HILL, Circuit Judges.

PER CURIAM:

Anthony M. Wilger and his wife, Martha, brought this appeal after their pro se complaint against the Department of Pensions and Security for the State of Alabama (the Department) for damages and equitable relief based upon the Department's removal of eight of their children from their custody was dismissed. For the reasons set forth below, we remand the case to the district court.

The background to this appeal is somewhat involved. The Wilgers moved from Wisconsin to Alabama in 1969, and have had frequent contacts with the Department since that time. The Department feels that the Wilgers are not properly able to care for most of their children; at various times and in various state court proceedings the Department has been granted custody of eight Wilger children.

On December 14, 1977, the Wilgers filed their pro se complaint in district court claiming $1,000,000,000 in damages from the Department and equitable relief. On January 5, 1978, the Department filed a motion to quash and vacate and set aside service of process and to dismiss. Numerous grounds for dismissal were alleged, including improper service of process, failure to state a claim upon which relief could be granted, lack of federal court jurisdiction because of the eleventh amendment, U.S. Const. amend. XI, and lack of subject matter jurisdiction. After the Wilgers filed an amended complaint, record at 23–24, and various other pleadings were generated, the court dismissed the Wilgers' action. In its order of January 22, 1978, the court stated:

"Upon consideration of the motion to dismiss filed in this case by the defendant Department of Pensions and Security for the State of Alabama on January 5, 1978, it is ORDERED that said motion be and is hereby granted and this cause be and is hereby dismissed." *Id.* at 43. It is this order of dismissal that is now before us.

We note that the court below gave no grounds for its order of dismissal and failed to specify that the dismissal was with prejudice. We further observe that the motion to dismiss set forth many potential grounds for dismissal. We assume that the dismissal of this action was predicated upon the eleventh amendment, *see, e. g., Quern v. Jordan,* —— U.S. ——, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979); *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974), and not based upon the merits of the Wilgers' claim (*i. e.,* it was without prejudice). In their pro se complaint the Wilgers made allegations which indicate that there may be individuals (whether state officials or others) who are amenable to suit in federal court. The Wilgers should be allowed to amend their complaint in order to add such parties-defendant as they choose to name. Accordingly, we remand this case to the district court with the direction that it accord the Wilgers a reasonable opportunity to amend their complaint and add parties-defendant to the action. As for the Department, the claim for damages against it stands dismissed.

AFFIRMED IN PART AND REMANDED IN PART WITH DIRECTIONS.