904 F.2d 673
 53 Fair Empl.Prac.Cas. 595,
54 Empl. Prac. Dec. P 40,062, 17 Fed.R.Serv.3d 49,
60 Ed. Law Rep. 1103
 Elsa Alemany SANTIAGO, Plaintiff-Appellant,
v.
Mrs. Blanche WOOD, Principal, Henry Flagler Elementary, et
al., Defendants-Appellees.
Elsa Alemany SANTIAGO, Plaintiff-Appellant,
v.
Mrs. Blanche WOOD, Principal Henry Flagler Elementary, Mrs.
Dorothy Farias, Asst. Principal, Henry Flagler Elementary
School, Mrs. Carol Bernstein, Supervisor of School
Libraries, Dade Co. Public Schools, Mr. Frank de Varona,
Area Director, South Central Area, et al., Defendants-Appellees.
 Nos. 88-5313, 88-6196 Non-Argument Calendar.
 United States Court of Appeals,
Eleventh Circuit.
 July 3, 1990.
 
 Elsa Alemany Santiago, Miami, Fla., pro se.
 Phyllis O. Douglas, The School Board of Dade County, Florida, Miami, Fla., for defendants-appellees.
 Appeals from the United States District Court for the Southern District of Florida.
 Before KRAVITCH, ANDERSON and CLARK, Circuit Judges.
 PER CURIAM:
 
 
 1
 Ms. Elsa Alemany Santiago, a Cuban born resident of Miami, Florida, brought this Title VII action against several administrators of the Dade County Public Schools alleging that she had been discriminated against based on her national origin. According to the complaint, Ms. Santiago was hired by the Dade County Public Schools in 1970 as a media specialist. During the first 12 years of her employment, she enjoyed her work and received favorable evaluations. However, in 1982, she was transferred to Henry Flagler Elementary School, where she was subjected to repeated criticism. She filed several grievances with the union, and was thereafter subjected to retaliatory action, intimidation, and harassment. She was eventually forced to take a leave of absence, which has apparently become permanent. The defendants answered, denying the crucial allegations of the complaint, arguing, among other things, that the case should be dismissed because the named defendants were not employers within the meaning of 42 U.S.C. Sec. 2000e and therefore were not proper party defendants.
 
 
 2
 Ms. Santiago moved for appointment of counsel. The district court granted this motion, but apparently was unable to secure counsel willing to represent her.
 
 
 3
 The defendants filed a motion for summary judgment, alleging that they were entitled to a judgment on two grounds: (1) the EEOC charge filed by Ms. Santiago named Henry Flagler Elementary School, rather than the defendants, as the discriminator, and none of the defendants received notice of the EEOC proceedings; and (2) the School Board of Dade County, Florida, which was not named as a defendant, was Ms. Santiago's employer, and the individuals named as defendants were not employers within the meaning of Title VII.
 
 
 4
 The district court granted summary judgment on the grounds that the named defendants were not employers within the meaning of Title VII. The court did not address the defendants' alternative ground for summary judgment, that they were not named in and did not have a notice of the EEOC charge.
 
 
 5
 The district court's order of summary judgment was entered on the docket on January 5, 1988. On January 21, 1988, 11 days thereafter (excluding Saturdays, Sundays, and legal holidays) Ms. Santiago filed and served a "Motion to Vacate and Reconsider Order Granting Summary Judgment and Leave to Amend Complaint to Name Indispensable parties...." She argued that the School Board of Dade County had notice of her Title VII action, and that her case therefore should not have been dismissed merely because she mistakenly named the wrong defendants. She requested leave to amend her complaint to add the School Board of Dade County and Henry Flagler Elementary School as defendants, and to add a section 1981 claim.[1]
 
 
 6
 The defendants opposed Ms. Santiago's motion, arguing that she had failed to meet the deadline for filing a Fed.R.Civ.P. 59(e) motion and had failed to allege any grounds for relief under Fed.R.Civ.P. 60(b). Ms. Santiago replied, explaining that the district court's order granting summary judgment was erroneously mailed to her previous address, and she therefore did not receive the order or notice of the final judgment until January 12, 1988, leaving her little time to prepare her motion.
 
 
 7
 The district court construed Ms. Santiago's motion as a Rule 60 motion because it was filed more than ten days after entry of final judgment. The court denied the motion, noting that the defendants had raised the defense that they were not employers within the meaning of Title VII in their answer, and that Ms. Santiago had had since that time to amend her complaint.
 
 
 8
 Thereafter, Ms. Santiago filed a motion with the district court requesting appointment of counsel on appeal. The district court denied the motion, noting its previous difficulty in obtaining counsel for her. Within ten days of this order, Ms. Santiago filed and served a motion to vacate the order, which the district court denied.
 
 
 9
 This case involves the consolidated appeals of the district court's orders denying appellant's motion to vacate the judgment and to amend the complaint and her motion to appoint appellate counsel. Ms. Santiago argues that she is proceeding pro se, and that her case should not have been dismissed merely because she mistakenly named the wrong defendants. She argues that the district court should have granted her relief from the judgment and allowed her to amend her complaint to name the School Board of Dade County, the proper defendant. The defendants argue that Ms. Santiago was on notice that she had named the wrong defendants, but nevertheless failed to move to amend her complaint prior to entry of judgment. They argue that she therefore was not entitled to relief under Rule 60(b), and that the district court did not abuse its discretion in denying her leave to amend her complaint.
 
 
 10
 Although Ms. Santiago did not make her motion to amend the complaint to add the proper defendant until after the court had entered judgment, we find that under the circumstances of this case the court abused its discretion in failing to allow the amendment. The district court entered summary judgment for the defendants on the basis that the Dade County School Board had not been named as a defendant, citing Rogero v. Noone, 704 F.2d 518 (11th Cir.1983).[2] In his order denying Ms. Santiago's motion to amend, the district court found that because the defendants raised the defense that they were not "employers" within the meaning of Title VII in their answer to the complaint, and the plaintiff had failed to move to amend until after the summary judgment order was entered, the plaintiff was not entitled to relief from judgment.
 
 
 11
 Ms. Santiago, unschooled in the intricacies of Title VII pleading, had named as defendants only the individual supervisors who had been the persons she alleges perpetrated the discriminatory acts against her. Her response to the defendants' motion for summary judgment reveals that she believed that because these supervisors acted on behalf of the school board, that the school board would automatically be liable for their actions, despite the fact the school board was not explicitly named in the complaint. Although the defendants did raise the defense that eventually won them summary judgment early in these proceedings, Ms. Santiago is not required to consider their arguments as properly stating the law. Thus, her confusion as to who the named defendants should be was not clarified until the district court entered summary judgment for the defendants.
 
 
 12
 In the context of this case, where the school board has been providing a defense for the named defendants throughout the proceedings, and the substance of the plaintiff's claims would remain the same even if the school board were named as a defendant, the district court abused its discretion by failing to allow the plaintiff to amend her complaint. See Brown v. Georgia Dept. of Revenue, 881 F.2d 1018, 1023 (11th Cir.1989) (Where State Personnel Board was served with original complaint, plaintiff could amend complaint after expiration of limitations period to add individual members of Board to comply with Eleventh Amendment); Wilger v. Department of Pensions and Security, 593 F.2d 12 (5th Cir.1979) (When allegations in complaint reveal that there may be individuals amenable to suit in federal court, district court abused its discretion in dismissing suit with prejudice on Eleventh Amendment grounds without first affording pro se plaintiffs opportunity to amend the complaint to add appropriate defendants); Petrus v. Bowen, 833 F.2d 581, 583 (5th Cir.1987) (Citing Wilger in remanding case to allow pro se plaintiff, who had named only individual defendants in action brought under FOIA, to amend complaint to add proper defendant agencies); Berndt v. Tennessee, 796 F.2d 879 (6th Cir.1986) (Following rationale of Wilger in holding that district court should have sua sponte given the pro se plaintiff leave to add the proper defendants.)
 
 
 13
 Despite the fact that Ms. Santiago's receipt of a copy of the summary judgment order was delayed, she moved to amend her complaint to add indispensable parties within eleven days of the entry of the order. The Dade County School Board clearly has been aware of this lawsuit from the very beginning; every pleading and motion filed on behalf of the defendants in this case has been signed by "Phyllis O. Douglas, Attorney, The School Board of Dade County, Florida." Thus, the school board has been aware of the substance of Ms. Santiago's claims, and would not be prejudiced by being named as a party-defendant now. Fed.R.Civ.Pro. 15(c) (Allowing an amendment changing the party against whom the action is asserted to relate back when (1) the claim asserted arose out of the conduct set forth in the original pleading, (2) the added party received timely notice of the action such that the party will not be prejudiced by the amendment, and (3) the added party knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.)
 
 
 14
 The district court's order denying Ms. Santiago's motion to vacate the judgment and amend her complaint to add indispensable parties is therefore reversed, and the case is remanded with instructions to the district court to grant Ms. Santiago relief from summary judgment and to allow her to amend her complaint to add the School Board of Dade County, Florida as a defendant. Because the essential facts and legal doctrines relevant to Ms. Santiago's appeal were ascertainable without the assistance of court-appointed counsel, the district court's order denying Ms. Santiago's motion to vacate its order denying appointment of appellate counsel is affirmed. Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir.1985).
 
 
 15
 AFFIRMED in part, REVERSED in part, and REMANDED.
 
 
 
 [1]
 Ms. Santiago does not argue on appeal that the district court's implicit denial of her motion to add a section 1981 claim was in error
 
 
 [2]
 Ms. Santiago also argues in her brief that the district court erred in relying on Rogero to grant summary judgment. The current appeal reaches only the merits of the district court's decision denying the motion to vacate that judgment, and thus we express no opinion as to the merits of the summary judgment order itself