James T. DONALD, Plaintiff–Appellant,

v.

COOK COUNTY SHERIFF'S DEPARTMENT, Defendant–Appellee.

No. 94–3622.

United States Court of Appeals, Seventh Circuit.

Argued April 11, 1996.

Decided Sept. 6, 1996.

Robert J. Palmer, May, Oberfell & Lorber, (Maureen Fitzgerald & Ann Marie Niccolai, Law Students, argued), South Bend, IN, for plaintiff–appellant.

Terry L. McDonald, Margaret A. Glass (argued), Office of State's Atty. of Cook County, Fed. Lit. Div., Chicago, IL, for defendant–appellee.

Before BAUER, CUDAHY, and EVANS, Circuit Judges.

CUDAHY, Circuit Judge.

This appeal stems from Donald's attempt to recover damages under § 1983 for a heart attack he sustained while incarcerated in the Cook County Department of Corrections in February of 1991. Donald claims that jail officials took his heart medication away from him over his vehement protests. Two days after he alleges that his medication was confiscated, on February 16, 1991, Donald suffered a massive heart attack. He was hospitalized for thirty days as a result.

Our review of the case does not reach the merits of Donald's § 1983 claim, however. The suit was dismissed by the district court because Donald failed to name the individual officials of the Sheriff's Department as defendants in his complaint, naming, instead, the department itself, which, under *Monell v. Dept. of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), is not liable when there is no allegation of an official policy or custom underlying the injury. Donald filed a post-judgment motion, which was construed as a Rule 60(b) motion for relief from the judgment and was denied by the district court. Because we find that the denial of the Rule 60(b) motion constituted an abuse of the district court's discretion, we reverse and remand for further proceedings.

## I. Background

Donald filed his *pro se* civil rights complaint on January 27, 1993, relying on the Eighth Amendment prohibition of cruel and unusual punishment. He was imprisoned in Dixon Correctional Center at the time and the complaint was filed using a standard form for prisoner complaints. The complaint was filed approximately three weeks before the two-year statute of limitations was to expire and named as defendant only the Cook County Sheriff's Department. In the

complaint, Donald stated that he had been arrested on February 13, 1991, and held at police headquarters until February 14, when a bond hearing was held. After the hearing, he was processed into the Cook County Department of Corrections for pretrial detention. In the processing room, Donald alleged in his complaint, he told the officials who were present that it was essential for him to keep his heart medication with him at all times. He stated that he begged the officers to let him keep the medication, but that they told him to shut up and one officer said, "I hope that you got some good insurance." R. 1. As noted, Donald suffered a major heart attack on February 16, 1991.

Along with filing his complaint, Donald moved for appointment of counsel and, when later informed that it was necessary, for leave to proceed in forma pauperis. R. 3. He was granted leave to proceed in forma pauperis on March 26, 1993, but the district court took no action on his motion for appointment of counsel until September 13, 1993. The Sheriff's Department was served with the complaint on April 13, 1993. Despite the requirement that defendants file responsive pleadings within twenty days of service, Fed.R.Civ.P. 12(a), the attorney for the Department did not file an appearance until June 11, 1993. After filing an appearance, the defendant took no further action until ordered to respond to the complaint by the district court.

Nothing further transpired in the case until the district court issued an order on August 10, 1993, setting a status hearing for August 31 and granting the Sheriff's Department until August 30, 1993, to respond to the complaint, on pain of default. On August 23, 1993, Donald filed a document entitled "Supplement to Record of Complaint." R.11. In this document, obviously intended to amend the complaint, Donald added state law claims for breach of fiduciary duty and negligent infliction of emotional distress.

It wasn't until August 31, 1993, however, one day after the deadline, that the Department moved to dismiss the complaint on grounds that the complaint failed to allege an unconstitutional official policy and named no

individual defendants against whom other claims might be viable.

On September 9, 1993, Donald mailed to the district court another paper attempting to amend his complaint. This submission, received by the court and filed on September 20, 1993, included another version of the prisoner civil rights suit form, which he entitled "Proposed Supplement to the Record of Complaint." In this document, Donald named as "additional defendants" the Cook County Sheriff, James O'Grady; the "Cook County under Sheriff," James Dvorak; "the doctor on duty during the scheduled assignment time hours of the 11:00 p.m. to 7:00 a.m. shift, 14th of Feb. 1991;" and "police officers on duty during the scheduled assignment shift hours of 11:00 p.m. to 7:00 a.m. on the 14th/16th day of Feb. 1991." R. 15. At the same time, Donald submitted a handwritten "Supplement to Record of Complaint" in which he made specific allegations against each of the individual defendants.

On September 13, 1993, as already mentioned, the district court denied Donald's motion for appointment of counsel. The motion was denied "for failure to make a showing that he has made reasonable efforts to retain counsel or was effectively precluded from making such efforts." R. 14. Donald had neglected to fill in a portion of the motion form for appointment of counsel which asked about prior efforts to retain counsel. The motion form did not alert movants to the dispositive importance of their efforts to obtain retained counsel. *R. 3. Jackson v. County of McLean,* 953 F.2d 1070 (7th Cir. 1992).

On September 24, 1993, Donald submitted a second motion for appointment of counsel. This time he listed several attorneys he had contacted in January, 1993, and attached a letter, postmarked January 8, 1993, in which he had requested representation from one of them. This motion was denied on October 15, 1993. The district court stated: "Because this *pro se* party has the capability to present the case and because we do not believe that the case is unusually complex, we find that the interests of justice will not be served by appointment of counsel at this time." R.19. On December 31, 1993, Donald

sent a letter to the district court requesting reconsideration of the denial of appointed counsel, which was in turn denied on August 8, 1994.

On October 19, 1993, Donald filed a response to the motion to dismiss his complaint. In his response, he argued that "the plaintiff[']s 1983 action is not against a local government, municipality or city, thus is not required to demonstrate any such [official] policy." R. 20. He went on to say that "[t]he tortfeasors action[s] of injury are their own individual official policy of the immediate moments of injury to the plaintiff." Finally, he "pointedly notes that his § 1983 action is not against Cook County, thus is not against a local government."

The district court granted the motion to dismiss on January 20, 1994, stating that "Plaintiff has brought this action against the Sheriff's Department and has not alleged any individual capacity violation." R. 23 at 2. The court not only dismissed the complaint, but entered judgment in the case, stating only that "[t]his case is hereby terminated and all other pending motions are deemed moot by this order." *Id.* at 3. The court never ruled explicitly on Donald's motions to amend his complaint nor gave reasons for dismissing the case with prejudice rather than simply dismissing the complaint.

On February 8, 1994, Donald filed a Motion to Reconsider the dismissal. In this motion, Donald again listed the individual defendants he had named in his September 20, 1993, filing and again stated that he "[was] not tak[]ing action against a local government municipality or city."

On August 8, 1994, the district court denied Donald's motion to reconsider. The court noted that, since the motion to reconsider was filed more than ten days after the entry of the judgment, it would be construed as a motion for relief from judgment under Fed.R.Civ.P. 60(b) rather than as a motion to alter or amend the judgment under Rule 59(e). The court then, for the first time, addressed Donald's attempt to add the individual defendants. The court stated:

> Plaintiff also appears to seek reconsideration on the grounds that his claims against individual defendants were sufficient to

survive a motion to dismiss. The court notes, however, that plaintiff did not name any individual defendants in the captions of either the amended or supplemental complaint until after the statute of limitations had run on his claim. Thus, plaintiff could not have proceeded with his claims against the individual defendants even if the court had construed the amended complaint as one seeking to join new defendants to the case. See *Worthington v. Wilson,* 8 F.3d 1253, 1257 (7th Cir.1993) (amended complaint joining new parties does not relate back under Fed.R.Civ.P. 15(c)).

R.32.

Donald also filed a notice of appeal with respect to the dismissal on March 21, 1994. Because the notice of appeal was filed more than thirty days after entry of judgment without a showing of excusable neglect, we dismissed the appeal for lack of jurisdiction on September 7, 1994.

Finally, on October 7, 1994, Donald submitted a "Motion to Resubmit" the case. Attached to this motion was another form complaint in which Donald listed "John Raba, Dr. and hosp. administrator; John Doe, Doctor; John Doe, officers; James O'Grady, Sheriff; James Dvorak under Sheriff; Cook County Sheriff's Dept. et al." in the caption as defendants. The district court denied this motion on October 18, 1994, "for the same reasons it gave in its August 8, 1994 order denying his motion to reconsider." R.36. Donald filed a Notice of Appeal on November 4, 1994, regarding the October 18, 1994, order.

We construe Donald's October 7 motion as a Rule 60(b) motion for relief from the judgment. It is this motion which is the focus of our appellate review. Rule 60(b) allows relief from judgment in several specified circumstances. Donald relies on two possible grounds for relief. First, he claims that his failure to name the individual defendants in his original suit was a consequence of "mistake, inadvertence, surprise, or excusable neglect." Fed.R.Civ. P. 60(b)(1). Alternatively, he argues that he may be granted relief under Rule 60(b)(6), which allows the court to

grant relief for "any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b)(6).

Donald's underlying argument is that he should have been allowed to amend his complaint to add the individual defendants and that the arguable expiration of the statute of limitations does not bar their inclusion. He argues that his failure to name these defendants as an initial matter should be excused because, as an incarcerated litigant who was denied the appointment of counsel, he was unable to determine the identities of the appropriate individual defendants and, indeed, was unaware that it was necessary to name these defendants in the caption of the complaint.

■ Unfortunately, Donald did not make these arguments on direct appeal of the dismissal of his civil rights suit or in a timely Rule 59(e) motion to alter or amend the judgment. A Rule 60(b) motion cannot substitute for an appeal and we will ordinarily not reverse a denial of a Rule 60(b) motion unless there is a "showing of extraordinary circumstances that create a substantial danger that the underlying judgment was unjust." *Del Carmen v. Emerson Elec. Co., Commercial Cam Div.*, 908 F.2d 158, 161 (7th Cir.1990). We review a district court's denial of a Rule 60(b) motion for abuse of discretion only. Of course, in determining whether the district court abused its discretion, we are usually required to make a limited review of the merits of the underlying issues in the case. *Id.* In this case the underlying question is whether the district court abused its discretion by refusing to allow Donald to amend his complaint to add the individual defendants.

## II. Extraordinary Circumstances

■ The facts of the case, as alleged in the complaint, suggest that Donald may have suffered a serious deprivation of his constitutional rights. We also believe that there are extraordinary circumstances in the case which have created a substantial danger that the underlying judgment is unjust. Ordinarily, of course, a plaintiff must bear the consequences of his or her procedural lapses and mistakes in pleading, even if the result is the denial of relief which is otherwise well-deserved. In this case, however, the plaintiff's difficulties are traceable in considerable part to the way the matter was handled by the district court. First, the district court failed to accord Donald's complaint the liberal construction appropriate for facially meritorious pro se complaints and to provide ample opportunity for Donald to amend the complaint to render it legally viable. In a related vein, the court made no attempt to address the difficulties posed by Donald's incarceration to his investigation of the identities of the individual officials allegedly involved in depriving him of his medication.[1] Second, the issues of timeliness which were dispositive in the district court's analysis of Donald's proposed amendments did not arise primarily because of any lack of diligence on Donald's part. He has pursued his case diligently, given his incarcerated, *pro se* status and his lack of legal sophistication. Instead, Donald's difficulties with timeliness stem to a large extent from the district court's tolerance of the Department's unexplained and lengthy delay in responding to the complaint; from the court's own delay in ruling on Donald's motions for appointment of counsel; and from its failure to make any explicit

---

1. Donald's argument to this court focused on his contention that the district court abused its discretion in failing to appoint counsel to assist him with his complaint. "Lack of counsel may sometimes be a factor warranting relief under Rule 60(b)." *McKnight v. United States Steel Corp.*, 726 F.2d 333, 338 (7th Cir.1984). In deciding whether the district court abused its discretion in failing to appoint counsel, "the necessary inquiry is ...: given the difficulty of the case, did the plaintiff appear to be competent to try it himself and, if not, would the presence of counsel have made a difference in the outcome?" *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir.1993). While there is a good argument that Donald's inability to investigate (coupled with a misapprehension of the legal standard) met the Farmer standard, we recognize that there may have been other measures which the district court could have taken, short of the appointment of counsel, to assist Donald in identifying and naming the proper defendants in a timely fashion. *Billman v. Indiana Dept. of Corrections*, 56 F.3d 785, 790 (7th Cir.1995). Thus, while appointment of counsel may have been an effective way for the district court to fulfill its responsibilities, we focus our discussion on the failure of the court to take any measures to aid this *pro se* prisoner.

rulings on his motions to amend his complaint.

## A. Underlying Merits of the Claim

Donald's initial complaint clearly alleged facts sufficient to state an Eighth Amendment claim of cruel and unusual punishment against at least some individual officers of the Cook County Sheriff's Department. Donald alleged that he begged to be allowed to keep his heart medication; that the officers involved in processing his admission to the Cook County Jail responded by telling him to "shut ... up" and that one officer said, "I hope that you got some good insurance"; and that he then suffered a serious heart attack which he was unable to control due to the unavailability of his medication. R. 1 at 5. The Eighth Amendment protects prisoners against deprivation of necessary medical attention when the deprivation is a result of the deliberate indifference of the authorities. *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Donald's complaint makes the necessary allegations.

## B. Appropriate Treatment of *Pro Se* Prisoner's Complaint

■ It is, by now, axiomatic that district courts have a special responsibility to construe *pro se* complaints liberally and to allow ample opportunity for amending the complaint when it appears that by so doing the pro se litigant would be able to state a meritorious claim.[2] Not only is the district court to view the *pro se* complaint with an understanding eye, but, while the court is not to become an advocate, it is incumbent on it to take appropriate measures to permit the adjudication of *pro se* claims on the merits, rather than to order their dismissal on technical grounds. Indeed, it is the "well-established duty of the trial court to ensure that the claims of a *pro se* litigant are given a fair and meaningful consideration." *Palmer v. City of Decatur*, 814 F.2d 426, 428–29 (7th Cir.1987) (citations omitted).

■ In spite of the likelihood that Donald could state a colorable claim against *some* County officials based on the facts he presented in his complaint, the district court did nothing to make it easier for him to shape the complaint into a viable legal document. Numerous cases in this and other circuits have established that, when the substance of a *pro se* civil rights complaint indicates the existence of claims against individual officials not specifically named in the caption of the complaint, the district court must provide the plaintiff with an opportunity to amend the complaint. To the extent the plaintiff faces barriers to determining the identities of the unnamed defendants, the court must assist the plaintiff in conducting the necessary investigation.[3]

---

**2.** *See, e.g., Duncan v. Duckworth*, 644 F.2d 653, 655 (7th Cir.1981) (noting "well-established requirement that *pro se* pleadings be held to less stringent standards than those prepared by counsel"); *Munz v. Parr*, 758 F.2d 1254, 1258 (8th Cir.1985) (*pro se* complaint not frivolous unless it is "beyond doubt that petitioner can prove no set of facts in support of his claim which would entitle him to relief"); *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir.1987) ("*pro se* litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment"); *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972) (less stringent standards for *pro se* complaint).

**3.** *See, e.g., Billman v. Indiana Dept. of Corrections*, 56 F.3d 785, 788–90 (7th Cir.1995) (duty of district court to assist prisoner plaintiff in making the investigation necessary to identify proper defendants); *Chavis v. Rowe*, 643 F.2d 1281, 1290 n. 9 (7th Cir.1981) (*pro se* plaintiff's failure to name a particular defendant in con-

nection with one of his claims no bar; current defendant could readily determine who would bear responsibility); *Berndt v. State of Tenn.*, 796 F.2d 879, 881 (6th Cir.1986) (remanding for amendment when "the complaint, in substance, clearly indicated that the [unnamed] staff and authorities [rather than the official body named as defendant] are the real parties-defendants" in spite of plaintiff's failure to request leave to amend); *Duncan v. Duckworth*, 644 F.2d 653, 656 (7th Cir.1981) ("understandable that a pro se litigant would name only the administrative officer, whose identity he knows, as a defendant in his civil rights lawsuit"; "district court should proceed on the claim and allow the named defendant to assert his own noninvolvement, if that is the case, and designate those who would likely have been responsible for whatever deprivation may have occurred"); *Smith–Bey v. Hospital Administrator*, 841 F.2d 751, 759 (7th Cir.1988) ("The mere inability to state the individual defendants by name, however, does not warrant dismissal of a claim if the allegations in the com-

■ Depending on the particular circumstances of the case, the court may assist the plaintiff by providing counsel for the limited purpose of amending the complaint; by ordering the named defendants to disclose the identities of unnamed officials involved; by allowing the case to proceed to discovery against high-level administrators with the expectation that they will identify the officials personally responsible; by dismissing the complaint without prejudice and providing a list of defects in the complaint; by ordering service on all officers who were on duty during the incident in question; or by some other means. A plaintiff's failure to explicitly name a John or Jane Doe defendant in the caption of the complaint does not relieve the district court of its responsibility to assist the *pro se* plaintiff who confronts barriers to identifying the appropriate defendants.[4]

As noted, Donald's colorable claims against the individual defendants were reflected in the original complaint. Even if Donald's intent to sue these individuals had not been entirely clear from the original complaint, however, it was clarified by his later filings. On August 23, 1993, he filed a document which he entitled "Supplement to Record of Complaint." R. 11. The main thrust of this document was to add state law claims for emotional distress and for breach of fiduciary duty. However, the motion also clarified Donald's intent to sue the individuals who, according to his allegations, deprived him of his medication. While continuing to name only the Sheriff's Department in the caption, the motion made repeated reference to Donald's intent to sue "each and every" defendant "jointly and severally."

Donald's second attempt to amend his complaint was mailed on September 9, 1993, very shortly after the Department filed its motion to dismiss in reliance on *Monell*. In this motion, Donald explicitly attempted to add as defendants the individuals he deemed responsible for his injuries, though he was unable to identify each of them by name. The rule governing amendments to the complaint demands that "leave shall be freely given when justice so requires." Fed. R.Civ.P. 15(a). As we have noted, refusal to allow a *pro se* civil rights plaintiff to amend a complaint so as to name the appropriate defendants has been widely recognized as an

plaint allow for the specific persons to be subsequently identified with reasonable certainty."); *Wellman v. Faulkner,* 715 F.2d 269, 275 (7th Cir.1983) ("several of our cases have held that, under some circumstances, the responsibility of senior prison officials can be assumed at the pleading stage, pending discovery of those who were directly responsible for whatever deprivation may have occurred"); *Wilger v. Dept. of Pensions and Security,* 593 F.2d 12, 13 (5th Cir. 1979) (remanding to provide "reasonable opportunity to amend" where "in their *pro se* complaint the [plaintiffs] made allegations which indicate that there may be individuals (whether state officials or others) who are amenable to suit in federal court"); *Maclin v. Paulson,* 627 F.2d 83, 87–88 (7th Cir.1980) (when "party is ignorant of defendants' true identity, it is unnecessary to name them until their identity can be learned through discovery or through the aid of the trial court. In this case, since the *pro se* plaintiff was denied counsel by the district court, he could hardly be expected to discover the names of the arresting officers through the discovery route. Therefore, the district judge should have ordered their disclosure."); *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 390 n. 2, 91 S.Ct. 1999, 2001–02 n. 2, 29 L.Ed.2d 619 (1971) (court ordered the complaint served upon all federal agents shown to have participated in the

arrest of the petitioner); *Munz v. Parr,* 758 F.2d 1254, 1257 (8th Cir.1985) ("dismissal is proper only when it appears that the true identity of the defendant cannot be learned through discovery or the court's intervention"); *Santiago v. Wood,* 904 F.2d 673 (11th Cir.1990) (abuse of discretion to deny Rule 60(b) motion to amend complaint to name the appropriate institutional defendant); *Gordon v. Leeke,* 574 F.2d 1147, 1152 (4th Cir.1978) ("A district court is not required to act as an advocate for a *pro se* litigant; but when such a litigant has alleged a cause of action which may be meritorious against a person or persons unknown, the district court should afford him a reasonable opportunity to determine the correct person or persons against whom the claim is asserted, advise him how to proceed and direct or permit amendment of the pleadings to bring that person or persons before the court.").

4. *See, e.g., Berndt,* 796 F.2d at 882–83 (remanding for substitution of individuals for organizational defendants); *Chavis,* 643 F.2d at 1290 n. 9 (failure to name a particular defendant in connection with claim no bar); *Duncan,* 644 F.2d at 656 (reasoning unaffected by failure to use fictitious names for defendants); *Maggette v. Dalsheim,* 709 F.2d 800, 802 (2d Cir.1983) (*pro se* plaintiff "should have the opportunity to amend his caption and serve the additional prison officials named or described in the complaint").

abuse of the district court's discretion. Yet the district court here took no action in response to either of these motions before dismissing the case.

Of course, Donald's motions to amend came rather late in the game—for reasons we discuss below. The court need not have waited, however, for Donald to discover his legal error on his own. Where, as here, a *pro se* plaintiff was required to sue the individual defendants in order to maintain a cause of action, "failure to do so cannot be considered a matter of choice." *Soto v. Brooklyn Correctional Facility*, 80 F.3d 34, 37 (2d Cir.1996). Here as in *Soto*, "but for his mistake as to the technicalities of constitutional tort law, [the plaintiff] would have named the officers in the original complaint, within the [two-year] limitations period, or at least named the superintendent of the facility and obtained the names of the responsible officers through discovery." *Id.* Donald's mistake should have been evident to the district court long before he attempted to amend his complaint and the court could have acted to assist him in identifying and serving the proper defendants to the suit.

## C. Timeliness and Delay

■ As noted, Donald did not identify, name as defendants and serve with process the individuals he deems responsible for his injuries within the standard 120–day period for service provided by Rule 4(j) (now Rule 4(m)). Fed.R.Civ.P. 4(j) (1993). Rule 4(j) required that a summons and copy of the complaint be served upon each defendant within 120 days of the filing of the complaint unless the plaintiff can show good cause for the failure to serve. *Id.* However, an amendment adding defendants can relate back to the filing of the original complaint for statute of limitations purposes if the requirements of Rule 15(c) are fulfilled. Rule 15(c) provides, in relevant part:

(c) Relation Back of Amendments. An amendment of a pleading relates back to the date of the original pleading when

. . .

(2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or

(3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(j) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, action would have been brought against the party.

Fed.R.Civ.P. 15(c) (1993). A legal mistake concerning whether to sue an institutional or individual defendant brings the amendment within the purview of Rule 15(c)(3)(B), and public officials are charged with the knowledge that they are the appropriate targets of Section 1983 suits. *Woods v. Indiana University–Purdue University*, 996 F.2d 880 (7th Cir.1993). Thus, if Donald had identified and served the appropriate individual defendants before the 120–day period expired, his amendment would easily have satisfied Rule 15(c).

Donald's failure to identify and serve these defendants by July 24, 1993—the date upon which the presumptive Rule 4(j) period expired[5]—was not due to any lack of diligence on his part. When Donald filed his complaint, he apparently believed that, by suing the Sheriff's Department, he effectively sued everyone involved in precipitating his injuries. As we have discussed, the district court did nothing to disabuse him of this notion. Unassisted by counsel, he maintained this erroneous view until he received the motion to dismiss his complaint, which was mailed to him on August 31, 1993. Upon receipt of that motion, Donald acted quickly to try to rectify his error, mailing his proposed

**5.** The 120–day period is tolled, in cases in which the plaintiff relies on the United States Marshals to effectuate service, until the date on which in forma pauperis status is granted. *Paulk v. Dept. of the Air Force*, 830 F.2d 79 (7th Cir.1987).

amendment, listing the individual defendants he could identify and describing those he could not, on September 9.[6]

█ Donald's diligence is particularly striking in light of the dilatory tactics of the defendants. Having been served with the complaint on April 13, 1993, the Department did not respond within 20 days as required by Rule 12(a). Indeed, the Department did not even file an appearance until June 11, nor did it file any motion to extend the time for answering the complaint, as required by Rule 6(b)(2). Only when the district court granted an extension *sua sponte* until August 30, 1993, on pain of default, did the Department file a response on August 31.

As it turned out, the district court's *sua sponte* enlargement of the time period for the Sheriff's Department to respond to the complaint seriously prejudiced Donald's prosecution of his case. It was only when the Department finally filed its motion to dismiss that Donald was alerted to the fatal flaw in his complaint. The defect in Donald's choice of defendants (and, perforce, his need to amend the complaint) must have been immediately apparent both to the defendant and to the district court. In spite of this, the district court gave the Department four-and-a-half months—rather than twenty days—to respond to the complaint. The court erred in granting this extension. Under Rule 6(b), after the Rule 12(a) twenty-day period expires, the time period for responding to a complaint may be enlarged only upon motion

of the defendant and a showing of excusable neglect. Fed.R.Civ.P. 6(b). Here there was no motion by the defendant and no explanation for the failure to respond to the complaint. The requirement that parties who simply ignore deadlines make a showing of excusable neglect should be taken seriously by the district courts, precisely because of the prejudice to the other party, exemplified here, which may result from untimely filings.[7] The district court's extension of the time for response to the complaint was thus contrary to Rule 6(b) and, in combination with the court's failure to aid Donald in identifying and naming the proper individual defendants, constitutes the extraordinary circumstances required for Rule 60(b) relief.

## D. Failure to Appeal

█ It is true, of course, that Donald did not file a timely notice of appeal from the dismissal of his case, missing the deadline by just over three weeks. (Because Donald missed the deadline for filing a Rule 59(e) motion, the time for filing an appeal was not tolled by his pending motion to reconsider.) Therefore, had the district court dealt explicitly with the motions to amend in its opinion dismissing the case, Donald's failure to appeal might have precluded Rule 60(b) relief. Issues which could have been raised on direct appeal are ordinarily not appropriate grounds for Rule 60(b) relief. However, while the district court's cursory statement

---

**6.** Donald continued to manifest diligence in the ensuing weeks. For example, the court gave Donald until November 9, 1993, to file his response to the motion to dismiss. He mailed his response, ahead of schedule, on October 19. Finally, though Donald did not submit his motion to reconsider within the 10 days of the entry of judgment required by Rule 59(e), he submitted the motion as quickly as reasonably possible. Judgment was entered on January 20, 1994. Notice of the dismissal was mailed to Donald on January 21—a Friday. Taking weekends into account, as required by Rule 7, Donald had until February 3 to file a Rule 59(e) motion. Donald's Motion for Reconsideration was mailed on February 8, only three business days after the deadline and only twelve business days after notice of the judgment was mailed to him. Because Donald was incarcerated and unrepresented, he was unable to ascertain that judgment had been entered until he received notification by mail. The record does not disclose on what date Donald

actually received notice, but it is clear that he responded promptly to notice of the dismissal of his case, though he did not succeed in getting his motion in in time for the stringent Rule 59(e) deadline. Cf. *Santiago v. Wood*, 904 F.2d 673 (11th Cir.1990) (considering plaintiff's diligence in filing post-trial motion in reversing denial of Rule 60(b) relief where plaintiff missed Rule 59(e) deadline because notification of the summary judgment order was delayed in the mail).

**7.** As we discuss in detail, *infra*, Donald's amendment to add the individual defendants would have related back as a routine matter had he identified and served these defendants within the 120–day notice period. Had the defendants filed their Motion to Dismiss in a timely manner, and had the court provided Donald an appropriate opportunity to investigate, Donald would likely have been able to identify the proper defendants.

that "all pending motions are deemed moot" was enough to permit the entry of final judgment in the case, we do not believe that it put Donald, who has only a fourth grade education, on notice that the district court had made an appealable ruling on his attempts to amend the complaint. While *pro se* plaintiffs are not excused from compliance with the court's procedural rules, their vulnerability to misunderstanding of what is required of them makes the provision of notice particularly important.[8] The district court's dismissal of Donald's complaint was based entirely on the lack of an allegation of a governmental policy violative of Donald's rights. Even if Donald understood the meaning of the phrase "pending motions are deemed moot," which we doubt, he must have been at a loss (as are we) to discern how the lack of a governmental policy allegation in his complaint could render a motion to bring in the individual defendants responsible for the injury "moot." We thus do not find Donald's failure to appeal preclusive of Rule 60(b) relief under the special circumstances of this case.

In summary, it is instructive to compare the present case to *Santiago v. Wood,* 904 F.2d 673 (11th Cir.1990), in which the Eleventh Circuit reversed a district court's denial of a Rule 60(b) motion to amend the complaint to correct a legal error in naming the appropriate defendant. There the plaintiff missed the deadline for Rule 59(e) filing because notice of the summary judgment was delayed in the mail.

The current case shares with *Santiago* the plaintiff's diligent, though unsuccessful, attempts to challenge the judgment in a timely fashion. In each case the *pro se* plaintiff became aware of a legal error in the naming of the appropriate defendants only at a late stage in the case. However, the equities of Donald's situation are even more compelling than were the equities of *Santiago.* Upon the first suggestion that he had named the wrong defendant, Donald attempted to amend his complaint. Santiago did not attempt to amend until after the district court granted summary judgment in spite of her awareness of the defendants' argument that they were not individually liable. Because he was incarcerated, Donald, unlike Santiago, was unable to keep in touch with the court regarding the entry of judgment in his case and was thus entirely dependent on the mail for notification of the entry of judgment. Finally, of course, Donald was subjected to unjustified delay by the defendants' tardy response to his complaint, which prejudiced his ability to make a timely amendment.

We thus conclude that, given the extraordinary circumstances presented by this case, Donald's failure to submit a timely notice of appeal or Rule 59(e) motion does not preclude Rule 60(b) relief.

## III. The Motion to Amend

Having established that extraordinary circumstances exist in this case which could justify Rule 60(b) relief, we turn to the substantive question whether the district court abused its discretion in refusing to allow amendment of the complaint. The district court gave three reasons for denying the motion to reconsider the amendment: 1) Donald did not name any individual defendants in the captions of either the amended or supplemental complaints; 2) Donald never served any of the individual defendants with summonses; and 3) because the supplemental complaint was filed after the statute of limitations had run, the amendment did not relate back under Rule 15(c).

■■■ The fact that Donald did not name the individual defendants in the caption of his motions to amend the complaint, however, is not dispositive. As we have noted, *pro se* complaints are to be liberally construed, and courts may construe them as having named defendants who are mentioned only in the body of the complaint. In fact, the form which Donald used to submit his "Proposed

---

**8.** *See, e.g., Averhart v. Arrendondo,* 773 F.2d 919 (7th Cir.1985) (district court's should give notice of need to file new notice of appeal after denial of Rule 59(e) motion); *Timms v. Frank,* 953 F.2d 281 (7th Cir.1992) (*pro se* litigants must be given notice of consequences of failing to file affidavits in response to motion for summary judgment); *Tucker v. Randall,* 948 F.2d 388 (7th Cir.1991) (district court should have notified plaintiff of consequences of failure to comply with briefing schedule before dismissing complaint).

Supplement to Record of Complaint" has a line entitled "Additional Defendants." On this line Donald listed the individual defendants he intended to sue, describing the officers by shift. This was certainly sufficient.

■ Donald's failure to serve any individuals with summons is similarly beside the point. Donald's attempt to amend the complaint is valid only if either (1) the amendment relates back to the original date of filing under Rule 15(c) or (2) the statute of limitations is equitably tolled. The validity of the amendment under Rule 15(c) turns on actual notice, not on whether process has been served. In addition, the time for service of process under Rule 4(j) could be extended for good cause.

■ The granting of an amendment which relates back under Rule 15(c) certainly constitutes good cause for the extension of sufficient time to serve the defendants added by amendment. If this were not the case, Rule 15(c)'s purpose, embodied in its requirement of *actual notice only* within the Rule 4(j) period, would be nullified. Alternatively, if the statute of limitations were to be equitably tolled so that the amendment was deemed to have been made before the statute expired, there *would be no need* even to invoke the relation back principle.

Only the statute of limitations issue warrants substantial discussion. The nominal statute of limitations (which, taken from the Illinois personal injury statute, is two years) had, of course, expired by the time Donald mailed his motion to amend the complaint to add the individual defendants on September 9, 1993; thus his claims against them might well have been time-barred. Therefore, we focus on whether the amendments Donald proposed would have met the statute of limitations requirement, either through Rule 15(c) relation back or through equitable tolling.[9]

## A. Rule 15(c)

■ Rule 15(c)(3) has two basic requirements in addition to the Rule 15(c)(2) requirement that the claim against the new defendants "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." These two requirements are that, during the Rule 4(j) period for service of summons, "the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party."

The commentary to Rule 15(c) clearly indicates that the rule is intended to be a means for correcting the mistakes of plaintiffs suing official bodies in determining which party is the proper defendant. Advisory Committee Note to 1966 Amendment. Our case law also establishes that a legal mistake concerning whether to sue individual or institutional defendants suffices to bring the amendment within the purview of Rule 15(c). *Woods*, 996 F.2d at 887. *Accord, Soto. Woods* also establishes that the knowledge requirement is fulfilled if clearly established law requires that the individual defendants, rather than the organization, defend the suit. Since "all public officials are presumed to know clearly established law, whether or not they have in fact ever cracked a law book," *Woods*, 996 F.2d at 887, the individual officers should have known that they were the proper objects of suit.

In *Woods*, for example, the plaintiff mistakenly sued the state university, which was

---

9. We note as an aside, however, that the district court may have erred in disallowing the amendment even if the substituted defendants could have raised a successful statute of limitations defense. The statute of limitations is, after all, an affirmative defense, which may be waived. It may have been inappropriate to allow the Sheriff's Department to argue the statute of limitations defense on behalf of the individual defendants. "As a general proposition, it is more logical to look to [the new defendant] than to [the dismissed defendant] to decide whether to plead the defense of limitations and whether to challenge the propriety of relation back." *Jones v. Coleman Co., Inc.,* 39 F.3d 749, 753 (7th Cir. 1994). However, since we are considering Rule 60(b) relief we must explore whether the statute of limitations would in fact have barred Donald's suit against the individual defendants.

protected by Eleventh Amendment immunity, rather than the individual officials involved. He later filed a motion to amend naming the individual defendants. We held that Rule 15(c)(3)(B) was satisfied under those circumstances.

The Second Circuit came to the same conclusion in *Soto*, a case whose facts are nearly identical to the present ones. *Soto* was a *pro se* litigant who was injured in the course of pretrial detention. He filed a suit which named only the Brooklyn Correctional Facility as a defendant. The complaint was dismissed for failure to allege an institutional policy or custom. The Second Circuit held that Soto's legal error constituted a "mistake" within the meaning of Rule 15(c)(3)(B) and that "since government officials are charged with knowing the law, any BCF corrections officers who were aware of a lawsuit arising out of the attack on Soto 'knew or should have known' that they, not BCF, were subject to liability for the constitutional torts he alleged." *Soto,* 80 F.3d at 36. We conclude that here, as in *Soto* and in *Woods,* Rule 15(c)(3)(B)'s requirement is satisfied.

The district court, in denying Donald's Rule 60(b) motion, relied on *Worthington v. Wilson,* 8 F.3d 1253 (7th Cir.1993) for the proposition that an "amended complaint joining new parties does not relate back under Fed.R.Civ.P. 15(c)." This proposition is, of course, not true as a general matter since one of the major purposes of Rule 15(c) is to determine *when* an amended complaint joining new parties will relate back. *Worthington* involved a situation which is distinguishable from the present case in two important respects. *Worthington* held that, when a plaintiff filed a John Doe complaint, his later attempt to amend the complaint to fill in the names of the defendants did not relate back under Rule 15(c). In *Worthington* there was no mistake, legal or otherwise, which prevented the plaintiff from naming the appropriate defendants in the original complaint, but merely "a lack of knowledge as to their identity, and not a mistake in their names." 8 F.3d at 1257. Donald, in contrast, fell prey to the legal mistake of naming the Sheriff's Department. In addition, and very impor-

tantly, because Worthington represented by counsel, he was subject to the rule that "[o]rdinarily a tort victim who does not know who the tortfeasor is cannot sue. To know that one has been injured tortiously but not by whom is a ground for tolling the statute of limitations, but it is not a ground for filing suit before the plaintiff knows who injured him and who therefore should be named as the defendants." *Billman,* 56 F.3d at 789. Donald, like Billman, was precluded from conducting a precomplaint inquiry because of his incarceration. *Worthington* is thus inapposite to the present case.

The record as it stands is insufficient to allow us to determine whether the individual defendants had "such notice of the institution of the action that [they] will not be prejudiced in maintaining a defense on the merits." Fed.R.Civ.P. 15(c)(3)(A). This is a matter to be taken up by the district court on remand. Following the lead of the *Soto* court, we suggest that "on remand, the District Court should first permit reasonable discovery for identification of the individual officers who might be responsible for the alleged constitutional tort and then ... determine whether and when any of these officers received such notice of [Donald's] suit against [the Sheriff's Department] as will avoid prejudice to the officers in maintaining the suit." *Soto,* 80 F.3d at 37. In considering the notice issue, the district court should determine whether any of the special circumstances of this case constituted "good cause" for extending the Rule 4(j) period.

**B. Equitable Tolling**

■■■■ If, on remand, the district court determines that the amendment adding any of the individual defendants does not relate back under Rule 15(c) because of lack of the proper notice, the court should consider whether the circumstances of this case call for the equitable tolling of the statute of limitations. The doctrine of equitable tolling "permits a plaintiff to sue after the statute of limitations has expired if through no fault or lack of diligence on his part he was unable to sue before, even though the defendant took no active steps to prevent him from suing." *Singletary v. Continental Illinois Nat'l Bank*

*and Trust Co. of Chicago,* 9 F.3d 1236 (7th Cir.1993). Application of the doctrine is appropriate, for example, when a plaintiff has "been injured and known he was injured, at which point the statute of limitations began to run, yet have been unable despite all reasonable diligence to learn … the wrongdoer's identity." *Id.* Other factors which may justify equitable tolling are "that a claimant has received inadequate notice; [that] a motion for appointment of counsel is pending and equity would justify tolling the statutory period until the motion is acted upon; [that] the court has led the plaintiff to believe that she had done everything required of her." *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 151, 104 S.Ct. 1723, 1725–26, 80 L.Ed.2d 196 (1984) (citations omitted). Considerations weighing in favor of equitable tolling must be balanced against the possibility of prejudice to the defendants occasioned by the delay. Application of the doctrine requires that the plaintiff demonstrate "reasonable diligence." *Singletary,* 9 F.3d at 1243.

The present case may well be an appropriate instance for the equitable tolling of the statute of limitations with respect to the individual defendants. Donald, unrepresented and incarcerated, was unable to identify the officers directly involved in the incidents leading up to his heart attack without the aid of the tools of discovery or a court-ordered disclosure of their identities. Thus he was excused from the usual rule that "a tort victim who does not know who the tortfeasor is cannot sue." *Billman v. Indiana Department of Corrections,* 56 F.3d at 789. The district court's delay in considering, and eventual denial of, his motion for appointment of counsel, combined with the lack of any notice to Donald that he had sued the wrong defendants, helped to ensure that his ignorance of the identities of the unknown officials would continue. On remand, the district court should determine whether the balance of equities favors tolling the statute of limitations to allow Donald to bring this suit against the individual defendants, once they are identified.

## IV. Conclusion

Because the district court abused its discretion in denying Donald's Rule 60(b) motion for relief from the judgment without properly considering whether amendment of the complaint was allowable under Rule 15(c) or, alternatively, whether the statute of limitations should be subject to equitable tolling, we reverse and remand for further proceedings. On remand, the district court should carefully consider appointing counsel to assist Donald in identifying the proper defendants and dealing with the complex issues of relation back and equitable tolling, as well as other issues that may arise.

REVERSED AND REMANDED.