[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-13649
Non-Argument Calendar
_____

D.C. Docket No. 6:14-cv-00041-BAE-GRS

CAROL WILKERSON,

Plaintiff-Appellant,

versus

STATE OF GEORGIA,
STATESBORO, GEORGIA,
BULLOCH COUNTY,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(July 16, 2015)

Before JORDAN, ROSENBAUM, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Carol Wilkerson, proceeding *pro se*, appeals the district court's *sua sponte* dismissal without prejudice of her complaint, which named the State of Georgia, Bulloch County, and the City of Statesboro as defendants and sought $5 million in damages from each defendant, with a public apology.  In her fee-paid complaint, Wilkerson alleged that several named and unnamed Bulloch County and City of Statesboro employees mistreated her at various times and in various circumstances. Before any of the defendants responded, the district court dismissed the complaint *sua sponte* on the ground that it was "facially frivolous."

Wilkerson's appellate brief lists four issues for appeal, namely, that the district court (1) failed to conduct a *de novo* review of the record after she objected to the magistrate judge's report and recommendation; (2) ignored her proffered evidence; (3) erred in implying that she is mentally imbalanced; and (4) erred in finding that her lawsuits were "abusively frivolous."

We generally review a district court's *sua sponte* dismissal of a complaint for abuse of discretion.  *See Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1335-37 (11th Cir. 2011).  We likewise generally review a district court's dismissal for frivolity for abuse of discretion.  *Cf. Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (concerning frivolity review of an *in forma pauperis* action under 28 U.S.C. § 1915(e)).  And we assume without deciding that a district court has the inherent authority to dismiss a frivolous complaint *sua sponte* even when, as here, the

2

plaintiff has paid the required filing fee.[1]  *See Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (holding that district courts have such *sua sponte* authority); *cf. Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 307-08, 109 S. Ct. 1814, 1821 (1989) ("Section 1915(d), for example, authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision.").

We conclude that the district court abused its discretion in dismissing Wilkerson's complaint as "facially frivolous."  A complaint "is frivolous where it lacks an arguable basis either in law or in fact."  *Cf. Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32 (1989) (concerning frivolity for *in forma pauperis* actions under § 1915).  Among other allegations in the complaint, Wilkerson alleged that, when she attended a bond-revocation hearing in state court in December 2013, a courtroom officer and a county deputy used excessive force to make her comply with their directions.  Specifically, Wilkerson alleged that the county deputy "threw her into a chair in a room of the courthouse while twisting her arm viciously" and that the courtroom officer "hit plaintiff in her chest with his fist."  (Doc. 1 at 6).

---

[1]  This Court has not held in a published opinion that district courts have inherent authority to dismiss frivolous fee-paid complaints *sua sponte*, but we have expressly declined to hold "that cases cannot, if proper procedures are followed, be dismissed when they are so patently lacking in merit as to be frivolous." *Jefferson Fourteenth Assocs. v. Wometco de Puerto Rico, Inc.*, 695 F.2d 524, 526 n.3 (11th Cir. 1983).

In short, Wilkerson's complaint facially alleged that two state employees used excessive force against her, either to detain her or while she was already detained. Such a claim is cognizable under 42 U.S.C. § 1983. *See, e.g.*, *West v. Davis*, 767 F.3d 1063, 1070 (11th Cir. 2014) (reviewing an excessive-force claim under § 1983 based on an allegedly unreasonable seizure); *Fennell v. Gilstrap*, 559 F.3d 1212, 1217 (11th Cir. 2009) (explaining that a jailor's use of force against a pretrial detainee is excessive under the Fourteenth Amendment if it "was applied maliciously and sadistically to cause harm").

Although Wilkerson did not specifically cite § 1983 in her complaint, federal courts generally "must look beyond the labels of [filings] by pro se [plaintiffs] to interpret them under whatever statute would provide relief." *See Means v. Alabama*, 209 F.3d 1241, 1242 (11th Cir. 2000) (concerning *pro se* inmates); *cf. Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotation marks and citations omitted); Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). Likewise, the fact that Wilkerson did not specifically name the courtroom officer or the deputy is not fatal in light of Wilkerson's *pro se* status. *See Wilger v. Dep't of*

*Pensions & Sec. for State of Ala.*, 593 F.2d 12, 13 (5th Cir. 1979).[2]    In her complaint, Wilkerson "made allegations which indicate that there may be individuals (whether state officials or others) who are amenable to suit in federal court." *Id.* Therefore, Wilkerson should be afforded a reasonable opportunity to amend her complaint "to add such parties-defendant as [she] choose[s] to name." *Id.*; *cf. Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991) (*pro se* plaintiffs must be given at least one chance to amend their complaint before dismissal, at least where a more carefully drafted complaint might state a claim), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 & n.1 (11th Cir. 2002) (*en banc*) (counseled parties are not entitled to leave to amend *sua sponte*).

Whether Wilkerson has filed frivolous complaints in the past does not answer the question of whether her current complaint is abusive or frivolous. While the magistrate judge noted that Wilkerson had been given a "warning" in the past about filing frivolous lawsuits, the magistrate judge did not reference, and it does not otherwise appear, that Wilkerson was subject to any filing restrictions at the time that she filed the instant complaint. Given that our review of Wilkerson's complaint indicates that she has alleged at least one claim with an arguable basis in law or fact, we conclude that the district court abused its discretion in *sua sponte* dismissing her complaint as facially frivolous.

---

[2]  This Court adopted as binding precedent all Fifth Circuit decisions prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

5

The judgment of the district court is therefore **VACATED**, and this case is

**REMANDED** for further proceedings.[3]

---

[3]  Because we vacate and remand, we do not address Wilkerson's other contentions on appeal.