[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-12542

_____

D.C. Docket No. 6:18-cv-01414-PGB-GJK

YOUSRY RIZK,

Plaintiff-Appellant,

versus

SEMINOLE COUNTY SHERIFFS DEPARTMENT,

Defendant,

SEMINOLE COUNTY SHERIFF,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 23, 2021)

Before BRANCH, GRANT, and ED CARNES, Circuit Judges.

PER CURIAM:

This is an appeal of the dismissal of a pro se plaintiff's complaint for failure to state a claim. The district court gave the plaintiff two opportunities to amend the complaint, and that is almost always plenty. The problem here, though, is that in judging all three iterations of the complaint, the court considered only the single defendant named in the caption of the complaint and not the other individuals who were named or described in the body of it. The complaint recounted specific details about what those other individuals allegedly had done to violate the plaintiff's rights and injure him. We need not go into all of the examples; one will suffice. The original complaint, which the plaintiff incorporated into both of his amended complaints, alleged that Deputy Akebo Pugh (also spelled "Pough") took the plaintiff to the "isolation room" so officers could assault him and that Pugh and the others used such excessive force that it broke the plaintiff's ribs, injured his kidney, and nearly resulted in his death.

Apparently, the reason the district court did not address whether the plaintiff had stated a claim against Pugh or any other deputies, or against any medical personnel who were named and whose alleged wrongful conduct was described in the complaint, is that none of them were named in the caption of it. Only the Sheriff's Department was included in the caption of the original complaint, and only the Sheriff was included in the captions of the amended complaints.

2

We have indicated that a pro se complaint may state a claim against individuals or entities who are identified in the body of it and whose wrongful conduct is alleged there, even if they are not named in the caption. Wilger v. Dep't of Pensions & Sec. for Ala., 593 F.2d 12, 13 (5th Cir. 1979) ("In their pro se complaint the Wilgers made allegations which indicate that there may be individuals (whether state officials or others) who are amenable to suit in federal court. The Wilgers should be allowed to amend their complaint in order to add such parties-defendant as they choose to name.")[1]; see Lundgren v. McDaniel, 814 F.2d 600, 604 n.2 (11th Cir. 1987) ("[A]lthough captions provide helpful guidance to the court, they are not determinative as to the parties to the action or the court's jurisdiction."); see also Trackwell v. U.S. Gov't., 472 F.3d 1242, 1243 (10th Cir. 2007) (When a pro se plaintiff "names the wrong defendant in the caption or when the identity of the defendants is unclear from the caption, courts may look to the body of the complaint to determine who the intended and proper defendants are.").

We vacate the judgment of the district court and remand the case to the district court for proceedings consistent with this opinion. The court in its discretion may find it prudent to allow the complaint to be amended one more time to clarify matters.

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

**VACATED AND REMANDED.**