116 F.3d 1482
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Bobby J. GULLEY, Jr., Plaintiff-Appellant,
v.
Richard LYON, et al., Defendants-Appellees.
 No. 96-1832.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 13, 1997.*
Decided June 17, 1997.
 
 Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division, No. IP 94-1357-C-H/G; David F. Hamilton, Judge.
 POSNER, Chief Judge, EASTERBROOK, and MANION, Circuit Judges.
 
 ORDER
 
 1
 Bobby J. Gulley, Jr., an Indiana prisoner proceeding pro se, sued the Putnam County (Indiana) sheriff, three officials at the Putnam County Jail, and a doctor affiliated with the jail for violating his civil rights. 42 U.S.C. § 1983. Gulley maintained that he was denied adequate medical treatment in violation of his rights under the Eighth Amendment, and that he was denied access to the courts. Gulley sought a million dollars in damages, an investigation into conditions at the jail, and an injunction "to correct the treatment" of all prisoners at the jail. The district court dismissed the claims for injunctive relief for lack of jurisdiction, and granted summary judgment to the defendants on the claim for damages. Gulley appeals the grant of summary judgment. We affirm.
 
 
 2
 Gulley was arrested for attempted murder on September 24, 1992. He was held as a parole violator in the Putnam County Jail, a small rural institution with a capacity of about twenty-eight inmates. Officials housed Gulley in a segregation cell the entire time he was in the jail. Gulley pleaded guilty to attempted battery in June of 1993, and was sentenced to ten years' imprisonment on August 11, 1993. He was transferred to state prison fifteen days later.
 
 
 3
 Gulley had some serious injuries at the time he entered the jail. He had surgery on his hand before he went to prison, with pins placed in the fingers, and was taking both painkillers and antibiotics. He also had stitches as a result of head injuries. Gulley contends that his medication was lost when he entered the jail. defendants refused to order new medicine, and he was unable to get painkillers for three days. He also contends that even after he got new prescriptions, the prescriptions often ran out, and delays in re-filling them caused him to suffer severe pain and infection. In addition, Gulley charges that he missed several hospital appointments, in part because of defendants' negligence and incompetence, and in part because defendants simply didn't want to take him. The guards, according to Gulley, at times laughed at him and ignored his requests for help, or lied about having a prescription filled. As a result, Gulley maintains that he has become disabled, and requires further medical treatment. The defendants, in contrast, note that while he was in their jail, Gulley both received treatment in jail and was taken to a local hospital eight times for treatment of his injured hand. Defendants also provided sworn affidavits that they ordered enough of Gulley's principal prescription painkiller for him to receive five doses for each of the 336 days he spent in jail, and that Gulley also received seven other prescribed painkillers and antibiotics.
 
 
 4
 Gulley maintains that the poor medical treatment he received while in jail violated his right under the Eighth Amendment to be free from cruel and unusual punishment. To succeed in such a claim, an inmate must show that he was seriously deprived of a basic human need, and that prison officials were deliberately indifferent to his needs. Wilson v. Seiter, 501 U.S. 294, 301-04 (1991). A prison official acts with deliberate indifference when he "knows of and disregards an excessive risk to inmate health[.]" Farmer v. Brennan, 511 U.S. 825, 837 (1994).
 
 
 5
 Reading the record in a light most favorable to Gulley, as we must in reviewing a grant of summary judgment, Dixon v. Godinez, No. 95-1502, slip op. at 4, 1997 WL 269152, * 2 (7th Cir. May 20, 1997), it appears that Gulley was frequently in pain, did not receive medical care as often as he wished, missed some scheduled hospital appointments, and often did not receive complete doses of his prescribed medicine. It also appears that defendants at times responded callously to Gulley's complaints of pain. It is true that "requests for relief which have fallen on deaf ears may evidence deliberate indifference." Id., slip op. at 10, 1997 WL 269152, at * 5. But Gulley's own complaint asserts that he missed medical treatment--especially scheduled hospital visits--"due to the [defendants'] incompetence and lack of man power[.]" Claiming that the local sheriffs department was undermanned is not the same as claiming that officials were deliberately indifferent to his medical needs. Prison officials do not act with "deliberate indifference" if they are powerless to change the complained-of condition. Del Raine v. Williford, 32 F.3d 1024, 1038 (7th Cir.1994).
 
 
 6
 Moreover, even the diary which Gulley kept in jail for the purpose of cataloguing his complaints establishes that he received frequent medical attention during his imprisonment; that some of the delays of which he complained lasted only a day or two, or even a few hours; and that toward the end of his stay at the county jail, he did not receive as much medicine as he wanted because his doctor had reduced the prescribed dosage. It is also important to remember that Gulley suffered his injuries before he arrived at the jail. He has provided no evidence, beyond the bare allegations in the complaint, that the treatment he received in the county jail resulted in any physical harm that he would not have suffered anyway, as a result of the pre-existing injuries. The allegation that he has become disabled, without more, is insufficient to create a factual dispute precluding summary judgment. Fed.R.Civ.P. 56(e); Valance v. Wisel, 110 F.3d 1269, 1274 (7th Cir.1997). As a result, Gulley has not established that the treatment he received--or lack thereof--violated his rights under the Eighth Amendment.
 
 
 7
 Gulley also complains that he lacked access to a law library. His complaint and brief to the district court, however, did not argue that lack of such access hampered any legal proceedings in which he was involved.[1] Rather, Gulley cited the lack of access as another example of defendants' indifference to his constitutional rights. But denial of access to the courts does not fall under the rubric of a conditions of confinement claim. And because Gulley failed to allege that any actual injury resulted from not being able to use a law library, he cannot maintain a claim of denial of access to the courts. Lewis v. Casey, 116 S.Ct. 2174, 2179-80 (1996).
 
 
 8
 Finally, Gulley complains that the district court should have appointed a lawyer to handle the instant lawsuit. This was not, however, an unusually complex case, and Gulley has followed through with his case at least as well as most pro se litigants. We find no abuse of discretion in the court's failure to appoint counsel. Donald v. Cook County Sheriff's Dep't, 95 F.3d 548, 554 (7th Cir.1996). Gulley does not challenge the district court's dismissal of his claims for injunctive relief.
 
 
 9
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Therefore, the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)
 
 
 [1]
 For the first time on appeal, Gulley alleges that lack of access to a law library kept him from preparing adequately to defend against a ruling that he was a habitual offender, with the result that he was unsuccessful at trial. This argument is waived because it was presented for the first time on appeal. Klingman v. Levinson, Nos. 95-3885/3886, 96-1853, slip op. at 15, 1997 WL 269148, * 8 (7th Cir. May 19, 1997)