**Douglas MCCALLUM, Plaintiff–Appellant,**

**v.**

**A.C. GILLESS, Jr., Sheriff; Jim Rout, Mayor; Marron Hopkins; Medical Staff; Jailers; Randall P. Salky, Defendants–Appellees.**

**No. 01–5897.**

United States Court of Appeals, Sixth Circuit.

March 21, 2002.

Before BATCHELDER and CLAY, Circuit Judges; CARR, District Judge.*

### ORDER

Douglas McCallum, a pro se Tennessee prisoner, appeals the district court order dismissing his civil rights case filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking compensatory and punitive damages, McCallum sued Shelby County, Tennessee Sheriff A.C. Gilless, Shelby County Mayor Jim Rout, Chief Jailer Marron Hopkins, Shelby County Jail medical staff and jailers, and attorney Randall Salky. McCallum alleged that the defendants failed to provide him with adequate health care when he was incarcerated at the Shelby County Jail. The district court granted McCallum in forma pauperis status, screened the complaint, and dismissed the complaint as frivolous. *See* 28 U.S.C. § 1915(e)(2). The court noted that the complaint lacked factual allegations and did not include an attachment as indicated. The same day the order of dismissal was entered, McCallum's attachment to his

---

* The Honorable James G. Carr, United States District Judge for the Northern District of Ohio, sitting by designation.

complaint was filed. The district court construed it as a motion for reconsideration, examined McCallum's factual allegations, and denied the motion. The court held that none of the named defendants could be liable to McCallum and that service of process could not be made on the unnamed medical staff.

In his timely appeal, McCallum argues that the district court did not review the facts of his complaint before dismissing it.

This court reviews de novo a district court's decision to dismiss under 28 U.S.C. §§ 1915(e)(2) and 1915A. *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997). Upon review, we conclude that the district court properly dismissed McCallum's complaint as frivolous with respect to his claims against the named defendants, but that the court should have dismissed the complaint without prejudice with respect to his allegations against the medical staff.

■ First, we agree with the district court that McCallum failed to demonstrate that he exhausted his administrative remedies before suing in federal court. *See* 42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 121 S.Ct. 1819, 1823, 149 L.Ed.2d 958 (2001); *Wyatt v. Leonard*, 193 F.3d 876, 877 (6th Cir.1999). McCallum indicated that he filed a written grievance to a counselor and talked to jail officials and medical staff, but did not attach copies of any grievances or appeals or describe the outcome of any administrative proceeding. Thus, his complaint was subject to dismissal without prejudice. *See Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 531 U.S. 1040, 121 S.Ct. 634, 148 L.Ed.2d 542 (2000).

■ Next, we conclude that the district court properly held that McCallum's complaint was frivolous as to the named defendants. *See Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). McCallum alleged that while

he was incarcerated in the Shelby County Jail, the medical staff failed to provide him the care he needed to treat his hepatitis C. His treatment plan called for him to take one kind of medicine by pill five times a day, to receive another kind by injection three days a week, and to have his liver function tested. McCallum did not allege, however, that Sheriff Gilless, Mayor Rout, or Chief Jailer Hopkins were directly involved in his medical care or condoned, encouraged, or knowingly acquiesced in the alleged misconduct. Thus, he has no § 1983 claim against them either directly or through respondeat superior. *See Taylor v. Michigan Dep't of Corr.*, 69 F.3d 76, 80–81 (6th Cir.1995); *Walton v. City of Southfield*, 995 F.2d 1331, 1340 (6th Cir. 1993). As for Salky, McCallum named him as a defendant and identified him as an attorney but did not explain his connection to the case. If Salky was McCallum's attorney, he was not a state actor subject to liability under 42 U.S.C. § 1983. *See Polk County v. Dodson*, 454 U.S. 312, 318, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981). If Salky was associated with the Shelby County Jail, he had no liability because McCallum did not allege that he was involved in McCallum's medical care. *See Taylor*, 69 F.3d at 80–81.

■ Finally, we conclude that the district court improperly dismissed McCallum's complaint against the Shelby County Jail medical staff and jailers. McCallum had a constitutional right to medical care either as a pretrial detainee or as a convicted prisoner. *See Farmer v. Brennan*, 511 U.S. 825, 840–42, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); *Horn v. Madison County Fiscal Court*, 22 F.3d 653, 660 (6th Cir.1994). Thus, McCallum's allegations against the jail medical staff and jailers have at least an arguable basis in law and are not frivolous. *See Neitzke*, 490 U.S. at 325, 109 S.Ct. 1827. Moreover, McCallum's failure to identify these defendants by name did not make his complaint frivo-

lous. District courts have a responsibility to construe pro se complaints liberally and to allow ample opportunity for amending the complaint when it appears that the pro se litigant would be able to state a meritorious claim. *See Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996); *Berndt v. State of Tenn.*, 796 F.2d 879, 881 (6th Cir.1986). Because McCallum may be able to state a claim against the medical staff and jailers, the district court should have relied on his failure to exhaust administrative remedies and dismissed the case without prejudice.

For the foregoing reasons, we affirm the district court's order in part and vacate and remand it in part. The case is remanded for dismissal without prejudice with respect to the Shelby County Jail medical staff and jailers. Rule 34(j)(2)(C), Rules of the Sixth Circuit.