**Quordalis V. SANDERS,**
**Plaintiff–Appellant,**

v.

**Phillip A. KINGSTON, et al.,**
**Defendant–Appellees.**

No. 02–2541.

United States Court of Appeals,
Seventh Circuit.

Submitted Nov. 27, 2002.*

Decided Dec. 20, 2002.

---

* This court granted the appellees' motion for non-involvement, and accordingly this appeal has been submitted without the filing of a brief by the appellees. After an examination of appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the appellant's brief and the record. *See* Fed. R.App. P. 34(a)(2).

Before RIPPLE, KANNE, and ROVNER, Circuit Judges.

ORDER

Wisconsin inmate Quordalis V. Sanders brought suit under 42 U.S.C. § 1983, alleging that he suffered cruel and unusual punishment due to overcrowding at Columbia Correctional Institution (CCI). The district court dismissed the suit *sua sponte* for failure to state a claim against the

named defendants, *see* 28 U.S.C. § 1915A, but in analyzing the complaint did not consider Sanders' allegation that, as a result of the overcrowded conditions, he was unconstitutionally exposed to second-hand smoke. We affirm in part, vacate in part, and remand the case for further proceedings.

Sanders is currently housed at the Green Bay Correctional Institution, but this lawsuit arises out of events that occurred during his incarceration at CCI. In April 2002, Sanders submitted a grievance to CCI officials complaining that he was in disciplinary segregation assigned to a one-person cell with another inmate. Sanders contended that if he was double-celled then he was entitled to a bunk for his mattress, a privacy curtain to screen himself from his cellmate while using the bathroom in their cell, and a stand for his television. In his grievance Sanders also commented that his request to be paired with a nonsmoker had gone unanswered. Prison officials dismissed his grievance, explaining that overcrowding at the prison required that inmates be double-celled and that such decisions were not made at the institution level. Sanders pursued an administrative appeal without success and then turned to federal court. In his complaint Sanders repeated his contention that housing him in a single cell with another inmate and no bunk, privacy curtain, or television stand violated the Eighth Amendment, but he also alleged specifically that, because his request for a nonsmoking roommate had been ignored, his health was being endangered from second-hand smoke. The district court, reasoning that CCI officials already had told Sanders that the decision to double-cell inmates in response to overcrowding had not been made at the institution level, dismissed Sanders' complaint during the screening process on the ground that he did not state

a claim against any of the named defendants.

We review *de novo* a § 1915A dismissal and accept as true the facts alleged in the complaint, drawing all inferences in the plaintiff's favor. *See Wynn v. Southward,* 251 F.3d 588, 591–92 (7th Cir.2001). The district court properly dismissed Sanders' complaint "only if 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Alvarado v. Litscher,* 267 F.3d 648, 651 (7th Cir.2001) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). Moreover, since Sanders appeals *pro se* we construe his complaint liberally and hold it to a less stringent standard than we would formal pleadings drafted by lawyers. *See Alvarado,* 267 F.3d at 651.

We agree that the district court properly dismissed Sanders' complaint to the extent that it alleges unconstitutional overcrowding, though our reasoning differs from the district court. Sanders' contention–that doubling him in a single cell without giving him a bunk for his mattress, a privacy curtain, and a television stand violates the Eighth Amendment–falls far short of the "extreme deprivation" required to satisfy the objective component of an Eighth Amendment conditions-of-confinement claim. *See Delaney v. DeTella,* 256 F.3d 679, 683 (7th Cir.2001). Prison conditions violate the Constitution only where they "deprive inmates of the minimal civilized measure of life's necessities." *See Rhodes v. Chapman,* 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981). We know of no case holding that the Eighth Amendment requires elevated beds for prisoners, and Sanders does not cite one. *See Mann v. Smith,* 796 F.2d 79, 85 (5th Cir.1986) (Eighth Amendment does not require elevated beds for prisoners); *Hamm v. DeKalb Cty.,* 774 F.2d 1567, 1575 (11th Cir.1985) (same). Similarly, the Eighth

Amendment protects inmates only from conditions of confinement that result from intentional punishment by a prison official and not from those that exist solely as a result of a legitimate institutional concern. *See Peckham v. Wis. Dep't of Corr.*, 141 F.3d 694, 697 (7th Cir.1998). Because the need to watch prisoners closely is a legitimate institutional concern, a prisoner is entitled to little if any privacy, even when using the bathroom or taking a shower. *See Johnson v. Phelan*, 69 F.3d 144, 146 (7th Cir.1995). Finally, Sanders' contention that he was entitled to a stand for his television is frivolous.

█ We add, however, that Sanders' overcrowding claim should not have been dismissed merely because he failed to name the proper parties, even if that is what he did. We have previously stated that a *pro se* plaintiff should be permitted to amend his complaint to name the proper parties where doing so could allow the plaintiff to state a meritorious claim. *See, e.g., Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 555 & n. 3 (7th Cir. 1996) (collecting cases). In this instance, however, Sanders pleaded himself out of court by complaining only of conditions that would not rise to the level of a constitutional violation, *see Tierney v. Vahle*, 304 F.3d 734, 740 (7th Cir.2002), so it was unnecessary to give him an opportunity to amend his complaint to name the appropriate defendants, *see Donald*, 95 F.3d at 555.

█ We also note that the dismissal of Sander's entire complaint was premature because the district court failed to evaluate whether Sanders stated a claim that he was exposed to second-hand smoke in violation of the Eighth Amendment. In order to state a cause of action under § 1983, a plaintiff must allege that he was deprived of a federal right by someone acting under color of state law. *See Gomez v. Toledo*, 446 U.S. 635, 640, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980); *Alvarado*,

267 F.3d at 651. Federal Rule of Civil Procedure 8(a)(2) requires only that these elements be put forth in a "short and plain statement of the claim showing that the pleader is entitled to relief." Exposure to environmental tobacco smoke (ETS) can constitute an Eighth Amendment violation if a prison official, acting with deliberate indifference, exposes a prisoner to levels of ETS that could pose an unreasonable risk of serious damage to his future health. *See Helling v. McKinney*, 509 U.S. 25, 35, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993); *Alvarado*, 267 F.3d at 652. Sanders states that he was exposed to ETS from April 12, 2002 to May 29, 2002, in violation of the Eighth Amendment and that prison officials at CCI exhibited deliberate indifference toward the risk that this exposure constituted a threat to his future health. Thus his complaint states a claim that the district court should have considered. *See also Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir.2002) (complaint need only specify the "bare minimum facts" necessary to put the defendant on notice of the claim so that he can file an answer). Since Sanders states a claim regarding his exposure to ETS, he may be permitted to amend his complaint to name the defendants who were deliberately indifferent to that exposure. *See Donald*, 95 F.3d at 555 & n. 3.

Sanders' complaint did not state a claim that the overcrowded conditions at CCI resulted in an Eighth Amendment violation, but in dismissing his entire complaint the district court failed to evaluate Sanders' claim that he was exposed to second-hand smoke in violation of the Eighth Amendment. Accordingly the judgment of the district court is AFFIRMED in part and VACATED in part, and the case is REMANDED for further proceedings consistent with this order.