**Roger SPRECK, Petitioner–Appellant,**

v.

**UNITED STATES VETERANS ADMINISTRATION, Defendant–Appellee.**

No. 02–1763.

United States Court of Appeals, Seventh Circuit.

Submitted June 18, 2003.*

Decided June 19, 2003.

Rehearing and Rehearing En Banc Denied Aug. 5, 2003.

* This court granted appellee's motion for an order of non-involvement on appeal due to lack of service in the district court and ordered that this appeal be submitted for decision without the filing of a brief by the appellee. After an examination of the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the appellant's brief and the record. *See* Fed. R.App. P. 34(a)(2).

Before CUDAHY, POSNER, and RIPPLE, Circuit Judges.

## ORDER

Roger Spreck filed suit in September 2001 against the United States alleging malpractice by physicians at a Veterans Administration Hospital. Spreck's complaint contained an improper caption, and the district court, after telling Spreck for six months exactly how he needed to amend his complaint, dismissed the case for want of prosecution when Spreck still had not filed a properly captioned complaint. Spreck appeals, and we affirm.

Spreck's noncompliance with the district court's instructions began soon after filing his complaint against various defendants whom he identified as the "United States Department of Veterans Affairs Medical Center, et. al." Apparently Spreck recognized that the suit was properly against the United States, because he filed a "notation" requesting that the "designated title" in his case be "Roger Spreck v. United States et-al." When Judge James L. Foreman instructed him that the appropriate method for modifying his caption was to amend his complaint, Spreck filed a response requesting that the district court make "inclusive the following elaborations of defendants: A–Roger Spreck vs The United States of America. B–Roger Spreck vs United States Veterans Affairs Medical Center et-al." Judge Foreman denied that request and specifically explained to Spreck that if he wanted "to sue more than one defendant, he [had to] list those defendants in the caption of his complaint by name" or by description. Judge Foreman warned Spreck that if he failed to properly amend his complaint by December 17, it would be dismissed for failure to prosecute.

Apparently Spreck did not understand the judge's instructions, because instead of amending his complaint he filed additional motions asking the court to clarify its order and to give him more time to respond. Judge Foreman issued another order instructing Spreck to file an amended complaint that either identified other defendants or removed the designation "et al." from the caption, and for a second time he extended the filing deadline, this time to January 29. Instead of amending his complaint, however, Spreck filed a motion for a new judge. Judge Foreman denied the motion and again reminded Spreck of the January 29 deadline. On January 29, Spreck filed a document with a revised caption identifying specific defendants, but it included only the first page of the complaint and the proof of service. Judge Foreman struck that complaint, noting that it was still deficient because although the caption was correct, "virtually the entire complaint [was] missing." Judge Foreman yet again warned Spreck to file an amended complaint on or before February 19, and stated that "[f]ailure to comply with this Order WILL result in dismissal of plaintiff's complaint for failure to prosecute." On February 12 Spreck filed an "Objection and Motion to Vacate" protesting the court's power to dismiss his complaint. Judge Foreman responded the same day; he denied the motion to vacate,

reminded Spreck of the February 19 deadline, and reiterated that "[f]ailure to comply with this Order WILL result in dismissal of plaintiff's complaint for failure to prosecute." On February 28, having received nothing further from Spreck, Judge Foreman dismissed his complaint.

On appeal Spreck argues that the district court abused its discretion by prematurely dismissing his complaint. District courts, however, have the authority to dismiss actions for failure to prosecute on motion of the defendant, Fed.R.Civ.P. 41(b), or *sua sponte* as part of the "control necessarily vested in courts ... to achieve the orderly and expeditious disposition of cases," *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). *See Williams v. Chicago Bd. of Educ.,* 155 F.3d 853, 857 (7th Cir.1998). Thus dismissal for failure to prosecute is appropriate where there is "a clear record of delay or contumacious conduct." *Dunphy v. McKee,* 134 F.3d 1297, 1299 (7th Cir.1998). We note that where the plaintiff proceeds *pro se,* as Spreck does here, a district court has a special responsibility to assist him in amending his complaint "to permit the adjudication of *pro se* claims on the merits, rather than to order their dismissal on technical grounds." *Donald v. Cook Cty. Sheriff's Dept.,* 95 F.3d 548, 555 (7th Cir.1996). Nevertheless, a *pro se* litigant has no general license to disregard clearly communicated court orders, *Downs v. Westphal,* 78 F.3d 1252, 1257 (7th Cir. 1996), or to refuse to comply with procedural requirements, *Anderson v. Hardman,* 241 F.3d 544, 545–46 (7th Cir.2001). Appellate review of a decision to dismiss for want of prosecution is deferential. *Moffitt v. Illinois State Bd. of Educ.,* 236 F.3d 868, 872 (7th Cir.2001).

The district court judge clearly explained what Spreck needed to do to properly amend his complaint and extended the deadline for doing so three times over a six-month period. In five separate orders the court warned Spreck that the consequence of failing to properly amend his complaint would be dismissal. *See Ball v. City of Chicago,* 2 F.3d 752, 755 (7th Cir.1993) (requiring an explicit warning before dismissing a case for failure to prosecute). Contrary to Spreck's suggestion, the district court was not required to incorporate his revised caption into an earlier submitted complaint and accept the complaint piecemeal. *See 188 LLC v. Trinity Indus., Inc.,* 300 F.3d 730, 736 (7th Cir.2002) (noting that amended pleading supersedes prior pleading). The district court did not abuse its discretion in dismissing the case.

AFFIRMED.