**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-11224

Non-Argument Calendar

_____

MARIE DORIVAL,

                                        *Plaintiff-Appellant,*

*versus*

COLE, SCOTT & KISSANE,
ANDREA GUNDERSEN,

                                        *Defendants-Appellees.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:25-cv-60070-WPD

_____

Before NEWSOM, GRANT, and BRASHER, Circuit Judges.

PER CURIAM:

Marie Dorival appeals the district court's dismissal of her Title VII claims. We affirm.

## I.

Marie Dorival works as a legal assistant at the law firm of Cole, Scott & Kissane, P.A. Back in 2023, she reported to Andrea Gundersen, a partner at the firm. In a closed-door meeting with Dorival and a coworker, Gundersen told Dorival, a black woman, that "Lincoln may have freed the slaves, but I'm keeping you." Dorival complained to higher-ups at the firm, who promptly "apologize[d] for that hurtful experience," reassigned her to another attorney, and relocated her to a cubicle further away from Gundersen's office. Still, Dorival felt targeted on the basis of her race, alluding to her receipt of "a harassing email from a managing attorney" and the "invasive" intrusion of her workspace by "unidentified individuals."

Proceeding pro se, Dorival sued both her employer and Gundersen, claiming that they violated Title VII by creating a hostile work environment. The defendants moved to dismiss the complaint on the grounds that Gundersen's remark, albeit "inappropriate," did not rise to severe and pervasive harassment and Dorival's remaining allegations were vague and conclusory. In lieu of a response, Dorival filed an amended complaint to address those "deficiencies." So the district court denied the motion as moot.

The defendants renewed their motion to dismiss, pointing out that the amended complaint is "virtually identical" to the original. In response, Dorival decided to stand on her amended complaint, arguing that she has "sufficiently pled facts supporting

her claims for relief."  The district court granted the motion to dismiss.  In its view, Gundersen's single remark did not create an objectively hostile work environment.  Dorival's "extremely vague" allegations regarding "harassing" emails and intrusions on her workspace were insufficient as well.  And because Dorival amended her complaint once before, the court dismissed the amended complaint with prejudice and closed the case.

This is Dorival's appeal.  Her three-page brief appears to contend that Gundersen's comment created a hostile work environment, and the district court erred by declining to allow her to file a second amended complaint.

## II.

We review the district court's dismissal of a complaint for failure to state a claim de novo.  *Quality Auto Painting Ctr. of Roselle, Inc. v. State Farm Indem. Co.*, 917 F.3d 1249, 1260 (11th Cir. 2019).  We review the court's decision to deny leave to amend for abuse of discretion.  *Santiago v. Wood*, 904 F.2d 673, 675 (11th Cir. 1990).

## III.

Title VII proscribes discrimination "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2(a)(1).  This includes "requiring people to work in a discriminatorily hostile or abusive environment."  *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993).  To state a hostile work environment claim, the plaintiff must plausibly allege that she faced harassment "severe or pervasive enough to

alter the terms and conditions of employment." *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1300 (11th Cir. 2010). The "mere utterance of an epithet which engenders offensive feelings" does not by itself alter "the conditions of employment." *Harris*, 501 U.S. at 21 (quotation and ellipsis omitted).

Here, there is no doubt that Gundersen's remark—"Lincoln may have freed the slaves, but I'm keeping you"—was offensive. Her employer acknowledged as much in an email following up on the incident, "apologiz[ing] for that hurtful experience" and explaining that it "should never have happened" and that Gundersen "is accepting responsibility for her statement." Offensive as they may be, though, "occasional off-color comments" do not create a hostile work environment. *Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1277 (11th Cir. 2002). Just as "sporadic and isolated" instances of "racially derogatory language" do not violate Title VII, a one-off remark is not actionable either. *McCann v. Tillman*, 526 F.3d 1370, 1379 (11th Cir. 2008). The district court did not err by dismissing Dorival's hostile work environment claims.[1]

Under Rule 15(a)(2), a "court should freely give leave" to amend "when justice so requires." But it need not grant leave where amendment would be futile. *See Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005). Futility obtains when "the

---

[1] Because Dorival does not contend that the district court erred by disregarding her conclusory allegations of "harassing" emails and workspace intrusions, we likewise decline to consider them.

25-11224                Opinion of the Court                5

complaint as amended would still be properly dismissed." *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007). Here, Dorival has failed to explain what additional facts she could allege that would cure the deficiencies outlined in the defendants' successive motions to dismiss and the district court's opinion. In fact, besides Gundersen's single remark, Dorival has disclaimed knowledge of any "specific details" regarding any harassment. Her claims fail not for lack of careful drafting but because the alleged misconduct does not rise to a plausible Title VII violation. *See Woldeab v. DeKalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1292 (11th Cir. 2018). The district court did not abuse its discretion by dismissing those claims with prejudice.

★      ★      ★

We **AFFIRM**.